RECEIVED
MAR 13 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| ANNETTE MOREAUX | CIVIL ACTION NO. 2:15-0092 |
| VERSUS | JAMES T. TRIMBLE, JR. |
| SOUTHWEST LOUISIANA CREDIT UNION | MAG. JUDGE KAY |

## MEMORANDUM RULING

Before the court is "Southwest Louisiana Credit Union's Motion for Summary Judgment" (R. #13) wherein defendant moves to dismiss Plaintiff's claims with prejudice. Plaintiff, Annette Moreaux, opposes the motion.

## FACTUAL STATEMENT

Plaintiff, Annette Moreaux, is a black female over the age of 40 who was employed with the Southwest Louisiana Credit Union ("Credit Union") from January 2005 until she was terminated in January 2013. Ms. Moreaux was hired and continued to be an at-will employee. During her employment with the Credit Union, Ms. Moreaux received and acknowledged receiving employee hand books stating that her employment was not for a specified length of time and that either the Credit Union or she could terminate the employment at any time.

The Credit Union asserts that despite being given numerous warnings, Ms. Moreaux maintained a defiant and uncooperative attitude, and exhibited disruptive behavior while employed. Other employees complained that Ms. Moreaux's defiant behavior was disruptive and

1

created a disharmonious atmosphere. In response to those complaints the Credit Union terminated Ms. Moreaux during October 2013.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party,

---

[1] Fed. R. Civ. P. 56(c).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[5] Anderson, 477 U.S. at 249.
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[8]

## LAW AND ANALYSIS

The Credit Union maintains that it terminated Ms. Moreaux's employment based on numerous warnings wherein Plaintiff was defiant, had an uncooperative attitude, and exhibited disruptive behavior while employed by the Credit Union. As summary judgment evidence, the Credit Union submits the affidavit of Ms. Angela Bellow, the Chief Operating Officer which explains the following events[9] which the Credit Union considered in terminating Ms. Moreaux's employment:

October 20, 2009 incident- Ms. Moreaux disobeyed direct orders not to leave early from work to attend a continuing education seminar, and also changed her hotel reservations without seeking the appropriate approval.

Courtesy pay policy incident – Ms. Moreaux disregarded the courtesy pay policy and allowed an employee to exceed the limit in direct violation of the policy.

Credit Union Electronic Funds Policy – Ms. Moreaux honored a verbal stop payment in direct violation of Credit Union policy and failed to obtain the appropriate written authorization.

Member Privacy Policy – Ms. Moreaux violated its Member Privacy Policy by arranging to have a member's VISA card sent via Federal Express to the Credit Union's main office and did not

---

[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[8] Anderson, 477 U.S. at 249-50.
[9] Defendant's exhibit A.

arrange for the Member to pay for the Federal Express charge. She also failed to obtain manager approval to personally handle the member's credit card.

Account Reconciliation Policy - During January 2013, Ms. Moreaux improperly posted entries with the wrong date causing the 2012 financial statements to be inaccurate.

Disrespect for Fellow Employees – During October 2013, two of Ms. Moreaux's co-workers complained to their supervisor that she engaged in a pattern of rude behavior and that they could no longer tolerate the negative treatment from Ms. Moreaux.

Defendants further inform the court that it propounded discovery requests on Ms. Moreaux on May 31, 2016 and also requested that Ms. Moreaux produce any documents to support her position of age and race discrimination.[10] Ms. Moreaxu has not responded to said discovery requests.[11]

After receiving the co-workers' complaints, the CEO considered the numerous warnings given to Ms. Moreaux and the disruptive and disharmonious behavior; the Credit Union decided

---

[10] Defendant's exhibit B.
[11] The discovery requested that Ms. Moreaux:
1. State all facts that she believes support her allegation that the Southwest Louisiana Credit Union ever discriminated against you based on age or race.
2. Describe each promotion or advancement that you believe Southwest Louisiana Credit Union ever denied to you and state the date on which you contend you were denied the promotion or advancement.
3. For each promotion or advancement that you believe Southwest Louisiana Credit Union ever denied to you, state the reason Southwest Louisiana Credit Union provided to you for the denial.
4. For each promotion or advance that you believe Southwest Louisiana Credit Union ever denied to you, state the name, address, and telephone number of each person you contend received the promotion or advance that you should have received.

to terminate Ms. Moreaux's employment. The Credit Union relies on the employee handbook[12] which expressly states that all employees of the credit union are at-will employees.

Plaintiff argues that the Credit Union has not met its burden of showing that there is no genuine issue of material fact because it failed to submit any write-ups or contemporaneous reports regarding the violations attested to in Ms. Bellow's affidavit. Plaintiff also maintains that the employee handbook provided by Defendant has been found by Louisiana courts[13] to constitute a contract altering the at-will scheme which would preclude summary judgment.

Plaintiff further complains that the Credit Union Handbook created a right of appeal upon which Ms. Moreaux had reasonably come to rely[14] and therefore Ms. Moreaux's right of appeal would be more appropriately decided at trial.

The plaintiff bears the burden of proof of discriminatory treatment.[15] As noted by the Credit Union, Ms. Moreaux has produce nothing, nor submitted any summary judgment evidence to establish a genuine issue of material fact for trial that she was discriminated against based on her age or race.

Ms. Moreaux's reliance on section 4-18 of the employee handbook is misplaced. Section 4-18 pertains to addressing complaints that employees make about their work conditions, but

---

[12] Defendant's exhibit ____ (not identified), R. #13-4.
[13] Citing Quebedeaux v. Dow Chemical, 820 So.2d 542, 545 (La.2002).
[14] Referring to section 4-18 of the Handbook outlined as a "Problem Resolution Procedure. R. #13-4, pp. 23-24.
[15] McDonnell Douglas v. Green, 411 U.S. 792, 802-804 (1973); Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S.Ct. 2097 (2000).

5

does not grant an employee a right to a hearing when that employee is the subject of the complaint. Section 4-19 provides the following:

> Since employment with the Credit Union is based on mutual consent, both the employee and the Credit Union have the right to terminate employment at will, with or without cause, at any time. Employees will receive their final pay in accordance with applicable state law.[16]

We find no provisions in the Handbook that would grant Ms. Moreaux the right not to be discharged at will. Moreover, we conclude that the Handbook expressly states that Ms. Moreaux's and the Credit Union's employment relationship existed as an at-will relationship which allowed the Credit Union to terminate the relationship at any time.

## CONCLUSION

Defendant has submitted proper summary judgment evidence to support its decision to terminate Plaintiff's employment as well as the undisputed fact that the employment relationship was an at-will relationship. Plaintiff has failed not only to respond to discovery requests, but also has failed to submit any summary judgment evidence to create a genuine issue of fact for trial. Furthermore, a plaintiff bears the burden of proof of discriminatory treatment. There is a notable absence of any evidence of discriminatory treatment by the Credit Union to support Plaintiff's claims of discrimination which is fatal to her claims. The motion for summary judgment will be granted dismissing all of Plaintiff's federal and state law claims with prejudice at plaintiff's costs.

---

[16] R. #19-1, p. 33.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 13th day of March, 2017.

_____
**JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE**